**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 11-4362**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL LACY BLACKMON,

Defendant - Appellant.

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  Thomas D. Schroeder, District Judge.  (1:10-cr-00332-TDS-18)

Submitted:  January 26, 2012          Decided:  February 1, 2012

Before SHEDD, DUNCAN, and DAVIS, Circuit Judges.

Affirmed in part, vacated in part, and remanded by unpublished per curiam opinion.

Neal G. Rosensweig, NEAL GARY ROSENSWEIG, P.A., Hollywood, Florida, for Appellant.  Sandra Jane Hairston, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael Lacy Blackmon appeals his conviction and 112-month sentence after pleading guilty to conspiracy to distribute 100 kilograms or more of marijuana, in violation of 21 U.S.C.A. §§ 846, 841(b)(1)(A) (West 1999 & Supp. 2011). At sentencing, Blackmon was designated as a career offender under U.S. Sentencing Guidelines Manual § 4B1.1 (2010) based on two prior North Carolina state convictions. On appeal, counsel for Blackmon filed a brief pursuant to Anders v. California, 386 U.S. 738 (1967), asserting that there are no meritorious issues for review. Blackmon was informed of his right to file a pro se supplemental brief, but has not done so.

On December 23, 2011, the court ordered the parties to file supplemental briefs addressing potential error in Blackmon's designation as a career offender. The parties did not file supplemental briefs but instead filed a joint motion to remand for resentencing in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011) (en banc). For the following reasons, we affirm Blackmon's conviction, vacate his sentence, and remand for resentencing.

Because Blackmon did not seek to withdraw his guilty plea in the district court or otherwise preserve any alleged error under Federal Rule of Criminal Procedure 11(b)(1) by timely objection, review of his plea is for plain error. United

2

States v. Martinez, 277 F.3d 517 (4th Cir. 2002).  To establish plain error, Blackmon "must show:  (1) an error was made; (2) the error is plain; and (3) the error affects substantial rights."  United States v. Massenburg, 564 F.3d 337, 342-43 (4th Cir. 2009).  The district court found Blackmon competent to plead guilty and that his plea was knowing and voluntary.  The court further found a factual basis for the plea.  After a thorough review of the plea colloquy, we conclude that the district court complied with Rule 11 in accepting Blackmon's plea.  We therefore affirm the conviction.

Turning to Blackmon's sentence, this court's review is for both procedural and substantive reasonableness, applying the abuse-of-discretion standard.  Gall v. United States, 552 U.S. 38, 51 (2007).  First, the court must determine whether the district court correctly calculated Blackmon's advisory Guidelines range, considered the 18 U.S.C. § 3553(a) (2006) factors, analyzed the arguments presented by the parties, and sufficiently explained the selected sentence.  United States v. Carter, 564 F.3d 325, 330 (4th Cir. 2009).  The parties have filed a joint motion to remand for resentencing, asserting that Blackmon no longer qualifies as a career offender under Simmons and that the applicable Guidelines range was thus improperly calculated.  We find the parties' position to be well taken and we therefore grant the motion.

3

Accordingly, we affirm the conviction, vacate the sentence, and remand for resentencing. The court requires that counsel inform Blackmon, in writing, of the right to petition the Supreme Court of the United States for further review. If Blackmon so requests but counsel believes any such petition to be frivolous, counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Blackmon. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED IN PART,
VACATED IN PART,
AND REMANDED

4